1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                          * * * * *

9    UNITED STATES OF AMERICA,

10                                   Plaintiff,          3:13-cr-00102-LRH-VPC

11        v.
                                                        ORDER
12   WALTER OLIVER ANDERSON, III,

13                                   Defendant.

14

15        Before the court is petitioner Walter Oliver Anderson's motion to withdraw (ECF No. 31)

16   his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF

17   Nos. 27–28[1]). The United States has not responded.

18        As an initial matter, the court is unconvinced that FRCP 41 is the correct procedural

19   mechanism for a petitioner voluntarily withdrawing a section 2255 motion. By referring to the

20   dismissal of an *action*, it is clear that FRCP 41 contemplates a plaintiff voluntarily withdrawing

21   his entire suit. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

22   § 2362 (3d ed.). While some courts have concluded that the rule also extends to partially

23   withdrawing an action (e.g., voluntarily dismissing only some of the causes of actions), *see id.*,

24   Anderson has not cited any authority holding that FRCP 41 applies to voluntarily withdrawing an

25   individual *motion*. Nonetheless, the rule's likely inapplicability to section 2255 motions does not

26   preclude a petitioner from withdrawing his motion; parties routinely seek to withdraw various

27   ───────────────
[1] Pursuant to this District's Amended General Order on April 27, 2016, Anderson filed an

28   "abridged" motion to vacate in order to toll the statute of limitations under section 2255. He
     subsequently filed a timely full motion to vacate.

1  kinds of motions they file during the course of both civil and criminal litigation, and it is within

2  the court's discretion to allow a motion's withdrawal.

3       The court will exercise that discretion and allow Anderson to withdraw his section 2255

4  motion. In granting this motion to withdraw, the court makes no determination as to whether a

5  new section 2255 motion that Anderson potentially files in the future would constitute a second

6  or successive motion and therefore require certification from the Ninth Circuit Court of Appeals

7  before being filed in U.S. District Court. *See* 28 U.S.C. § 2255(h); *see also Thai v. United States*,

8  391 F.3d 491 (2d Cir. 2004) (discussing the standard other circuits have applied in determining

9  whether a withdrawn section 2255 motion "count[s] as a first [petition] so as to render

10  subsequent petitions 'second or successive' under AEDPA.").

11

12       IT IS THEREFORE ORDERED that petitioner Walter Oliver Anderson's motion to

13  withdraw (ECF No. 31) his motion to vacate, set aside, or correct his sentence pursuant to 28

14  U.S.C. § 2255 is **GRANTED**.

15       IT IS THEREFORE ORDERED that Anderson's motion to vacate, set aside, or correct

16  his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 28) is **WITHDRAWN**.

17       IT IS THEREFORE ORDERED that Anderson's abridged motion to vacate, set aside, or

18  correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 27) is **WITHDRAWN**.

19       IT IS SO ORDERED.

20

21       DATED this 13th day of July, 2017.

22  _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2